IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOHN CLARK**                                                                                                    **PLAINTIFF**

**VS.**                                                              **CIVIL ACTION NO.: 3:13-cv-921-HTW-LRA**

**CAROLYN W. COLVIN,**
**ACTING COMMISSIONER OF SOCIAL SECURITY**                                                     **DEFENDANT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner John Clark ("Clark"), in March 2011, filed a Disability Insurance Benefits ("DIB") application with the Social Security Administration, claiming that he had become unable to work on March 19, 2011. *See* [Docket no. 9 at 14, 120]. The agency denied his claims initially and upon reconsideration. *Id*. at 88-89. On July 13, 2012, an Administrative Law Judge ("ALJ") denied plaintiff's application. *Id*. at 15-24. The Social Security Administration's Appeals Council denied Clark's request for review. *Id*. at 5-10. On March 1, 2013, Clark sought an appeal of the Social Security Administration's final decision denying his DIB application. [Docket no. 1].

On October 31, 2013, defendant Carolyn W. Colvin, Acting Commissioner of Social Security, ("Colvin") filed her motion to affirm the decision of the commissioner. [Docket no. 13]. On July 8, 2014, United States Magistrate Judge Linda R. Anderson ("Judge Anderson") entered her report and recommendation ("R&R") in which she recommended that this court affirm the commissioner's decision and dismiss Clark's appeal with prejudice. [Docket no. 16].

On July 21, 2014, Clark filed his objections to Judge Anderson's R&R. [Docket no. 17] Clark objected to Judge Anderson's finding that the ALJ gave due consideration to the opinion evidence of treating physician Dr. Soriano. Clark argued that the ALJ failed to fully evaluate the

1

opinion of Dr. Soriano as required by 20 C.F.R. §404.1527[1] and *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000).[2] Judge Anderson found that because the ALJ "was presented with competing first-hand medical evidence to support his assessment of Dr. Soriano's medical source statement in this case," the ALJ was not required to perform a detailed analysis. [Docket no. 16 at 6 (citing *Qualls v. Astrue*, 339 F.Appx' 461, 467 (5th Cir. 2009))].

Clark argues that Judge Anderson's reliance on *Qualls* is misplaced, and attempts to distinguish its facts from the instant case. In this vein, Clark notes that in *Qualls*, the court rejected the more limiting medical opinion when there were two other treating doctors who provided Medical Source Statements. Clark goes on to state that in this case, Dr. Soriano had provided the only Medical Source Statement in the record. It is true that courts ordinarily give substantial weight to a treating physician's medical opinion. *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985). However, "[t]he ALJ is free to reject any opinion, in whole or in part, when good cause is shown, i.e., when the evidence supports a contrary conclusion, when the opinions are conclusory, or when they are unsupported by medically acceptable clinical, laboratory, or diagnostic techniques." *Id*.

Here, Judge Anderson held that the ALJ found Dr. Soriano's opinion to be conclusory and lacking in evidentiary support. Judge Anderson found that the ALJ afforded Dr. Soriano's opinion little weight, in comparison to the findings of Dr. Lou, Dr. Pomierski and in comparison to Clark's medical records from the Rush Pain Clinic post-dating Dr. Soriano's assessment. The

---

[1] "Under the statutory analysis, the ALJ must evaluate: (i) the "[l]ength of the treatment relationship and the frequency of examination," (ii) the "[n]ature and extent of the treatment relationship," (iii) the supporting evidence presented by the physician, (iv) the level of consistency between the physician's opinion and the record, (v) the physician's specialization, and (vi) any other relevant factors." *Qualls v. Astrue*, 339 Fed.App'x. 461, 465 (5th Cir. 2009) (explaining the factors that an ALJ is to examine under 20 C.F.R. §404.1527(d)(2)).

[2] The *Newton* court held that "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2).".

notion that Dr. Soriano's opinion should prevail merely because Dr. Soriano was the provider of the Medical Source Statement is meritless.

In addition, Clark argues that the *Qualls* court found *Newton* inapplicable, because unlike in *Newton*, the *Qualls* court did not confront a situation in which an ALJ rejects "the sole relevant medical opinion before it." *Qualls*, 339 F.App'x at 467. Clark seems to conflate the concept of a "relevant medical opinion" with that of a "medical source opinion". The fact that Dr. Soriano's opinion is the only medical source opinion does not render this opinion the only relevant medical opinion before this court. The opinions of the treating physicians Dr. Lou and Pomierski are also relevant medical opinions and, thus, the logic of *Newton* is inapplicable here.

Clark cites *Newton* to argue that that even if the ALJ found that there was sufficient evidence of record from the treatment records of Dr. Pomierski and Dr. Lou to give Dr. Soriano's opinion less weight, the ALJ was required to provide a detailed analysis of the factors in 20 C.F.R. §404.1527(d). Judge Anderson, however, found that because the ALJ "was presented with competing first-hand medical evidence to support his assessment of Dr. Soriano's medical source statement in this case," the ALJ was not required to provide this detailed analysis. *Qualls*, 339 F.App'x at, 467. This court agrees with this approach.

Clark finds damning the fact that the ALJ did not explicitly state what weight, if any, he assigned to the opinion of Dr. Soriano. Judge Anderson noted that the ALJ explained that Dr. Soriano's assessment "is inconsistent with the subsequent treatment records from the Rush Pain Clinic showing the claimant's condition to be well managed on conservative therapy with no significant objective medical abnormalities on examination." [ECF No. 9, pp. 23, 259-266, 273-280, 281-296, 303]. This court finds that though the ALJ does not expressly state the weight he gave to Dr. Soriano's opinion, he clearly gave it little weight.

## CONCLUSION

This court adopts Judge Anderson's Report and Recommendations in this dispute. Accordingly, this court grants Colvin's motion to affirm the decision of the commissioner and dismisses Clark's appeal with prejudice.

SO ORDERED, this the 31st day of July 2014.

s/ HENRY T. WINGATE<br>
UNITED STATES DISTRICT JUDGE